**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**
**CIVIL ACTION NO. 5:20-cv-00080-LLK**

JA'TAVIN JEMAR BUCKNER                                                          **PLAINTIFF**

v.

ANDREW SAUL, Acting Commissioner of Social Security                  **DEFENDANT**

<u>**MEMORANDUM OPINION AND ORDER**</u>

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42

U.S.C. § 405(g), of the final decision of the Commissioner denying his claim for Social Security disability

benefits.  The fact and law summaries of Plaintiff and Defendant are at Docket Number ("DN") 14-1 and

DN 17.  The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine

this case, with any appeal lying before the Sixth Circuit Court of Appeals.  [DN 12].

Because the Administrative Law Judge ("ALJ") did not give "good reasons" for giving "little weight"

to the treating physician's opinion, the Court will REMAND this matter to the Commissioner for a new

decision.

**Background**

On January 11, 2017, at age 19, Plaintiff suffered multiple gunshot wounds to his lower

extremities and lost his right eye.  [DN 11-2 at 24, 143].  In February 2017, Plaintiff filed for Social Security

disability benefits alleging he became disabled on January 12, 2017.  *Id.* at 13.

The ALJ found that Plaintiff is not disabled because he retains the ability to perform a significant

number of unskilled, medium jobs in the national economy.  *Id.* at 25.  In finding that Plaintiff can perform

medium work, the ALJ gave "great weight" to the opinion of the Commissioner's non-examining program

physician, Subhideb Mukherjee, M.D.   [DN 11-2 at 23; DN 11-3 at 210-12].   In September 2017, Dr.

Mukherjee estimated that (after one year's recovery from his gunshot wounds) Plaintiff should be able to

perform medium work "12 months after onset:  01/11/2018."  [DN 11-3 at 210].

In June 2017, orthopedic surgeon, Spencer Romine, M.D., performed a "right knee arthroscopic excision of foreign bodies (buckshot)" and a "medial femoral condyle chondroplasty." [DN 11-7 at 741].

On February 14, 2018, Dr. Romine made certain physical examination findings, including observation of some quadriceps atrophy. *Id.* at 819. Dr. Romine was unsurprised by Plaintiff's ongoing right knee pain "given his severe articular cartilage damage in the medial compartment of his knee." *Id.* at 818.

On February 14, 2018 (the same date as his physical examination findings), Dr. Romine identified his "plan," which included an opinion that Plaintiff is limited to sedentary work:

> My recommendation is that he continue to work on strengthening of his [right] knee. We believe that due to the severity of his injury that he will have a difficult time with any prolonged standing or walking. His job should [entail] more sedentary activity. I highly recommend that he return to school and get a degree that he can enter into a work environment where he is not in any extensive labor.

*Id.* at 820.

The ALJ gave Dr. Romine's opinion "little weight" because:

> … it is inconsistent with the evidence of record as a whole as well as Dr. Romine's own physical examination findings showing stable right knee joint with no deformity and ability to near fully extend with pain, flex to 90 degrees; strength was 4/5 with quadriceps atrophy. Left leg examination showed no tenderness to palpation; no effusion; patella tracking midline; full functional range of motion; ligamentous exam stable throughout; and 5/5 strength. He only recommended that the claimant continued to work on strengthening his knee.

[DN 11-2 at 24 referencing DN 11-7 at 819].

**The ALJ did not give "good reasons" for giving "little weight" to the treating physician's opinion.**

In this case, because Plaintiff filed for disability benefits in February 2017, the "old" rules for weighing medical opinions at 20 C.F.R. § 404.1527 apply. *See* 20 C.F.R. § 404.1520c ("For claims filed before March 27, 2017, the rules in § 404.1527 apply.").

A treating source's medical opinion is entitled to controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence." 20 C.F.R. § 404.1527(c)(2). If the ALJ decides not to give the treating physician's

medical opinion controlling weight, he must determine what weight to give it by looking at:  the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician.  20 C.F.R. §§ 404.1527(c)(2)(i)-(ii), (3)-(6).  The ALJ is required to "always give good reasons in [the] notice of determination or decision for the weight" given to the treating source's medical opinion.  20 C.F.R. § 404.1527(c)(2).

The ALJ did not give "good reasons" for giving "little weight" to Dr. Romine's opinion for four reasons.  First, as stated above, Dr. Mukherjee estimated, in September 2017, that Plaintiff should be able to perform medium work (after one year's recover from his gunshot wounds) as of January 11, 2018.  [DN 11-3 at 210-12].  Dr. Romine opined, in February 2018, that Plaintiff is limited to sedentary work.  [DN 11-7 at 820].  An estimate by a non-examining source, of unknown specialty,[1] of an individual's future abilities does not provide a good reason for discounting the treating physician's opinion of his patient's present abilities.

Second, as indicated above, the ALJ discounted Dr. Romine's opinion that Plaintiff is limited to sedentary work, in part, due to "Dr. Romine's own physical examination findings" and, instead, found that Plaintiff can perform medium work.  [DN 11-2 at 24].  The primary difference between sedentary and medium work is that sedentary work involves mostly sitting, and medium work involves mostly standing/walking.  *See* Social Security Ruling (SSR) 83-10, 1983 WL 31251, at *5-6 (Sedentary work contemplates 6 hours of sitting per 8-hour workday, with standing/walking during the remaining 2 hours, and medium work contemplates 6 hours of standing/walking per 8-hour workday, with sitting during the remaining 2 hours).  Dr. Romine's one-time examination findings do not provide a good reason for

---

[1] The Court declines to consider (for judicial review purposes) evidence that was not before the ALJ.  Specifically, Plaintiff asserts that Dr. Mukherjee is "a retired physician who graduated from medical school in Calcutta nearly 70 years ago and his specialty, if he had one when he practiced medicine, is unclear."  [DN 14-1 at 9-10].  This is a repetition of Plaintiff's prior assertion to the Appeals Council (apparently based on Plaintiff's own research).  [DN 11-6 at 479].

discounting Dr. Romine's opinion regarding Plaintiff's need to avoid "prolonged standing or walking," [DN 11-7 at 820], (on an ongoing basis, during an 8-hour workday).

Third, in context, Dr. Romine's physical examination findings were not as normal as the ALJ suggests. As noted above, Dr. Romine gave his findings on the same date he opined Plaintiff is limited to sedentary work, indicated he was unsurprised by Plaintiff's right knee pain "given his severe articular cartilage damage in the medial compartment of his knee," observed Plaintiff has some quadriceps atrophy, and qualified Plaintiff's ability to "near fully extend" as being "with pain." *Id.* at 818-20.

Fourth, as indicated above, Dr. Romine communicated with his patient that the "plan" was for Plaintiff to "return to school and get a degree" that will allow him to avoid prolonged standing or walking. *Id.* at 820. The requirement of giving "good reasons" exists, in part, to let "claimants understand the disposition of their cases, particularly in situations where a claimant knows" that his physician believes he has a certain restriction and "therefore might be especially bewildered when told by an administrative bureaucracy that" he has no such restriction. *Cole v. Comm'r of Soc. Sec.*, 661 F.3d 931, 937-38 (6th Cir. 2011). Bewilderment would be a logical reaction to the ALJ's suggestion that the "plan" is unnecessary, and, in fact, Plaintiff is capable of medium work.

**The appropriate remedy in this case is a remand for further administrative proceedings.**

When (as here) the Court determines that the ALJ's decision does not comport with applicable legal standards, it must determine whether to judicially award benefits or remand for further administrative proceedings. *Wiser v. Comm'r*, 627 F. App'x 523, 526 (6th Cir. 2015). A judicial award of benefits is appropriate "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Id.* (quoting *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994)).

Plaintiff suggests that a judicial award of benefits is appropriate because he is limited to unskilled, sedentary work and, due to loss of his right eye, he has a relative lack of visual acuity:

> … The vocational expert further testified that all unskilled, sedentary jobs require near visual acuity, and all but one of them require frequent near visual acuity.  (AR pp. 173-174)
> …
> The ALJ's erroneous evaluation of the opinion evidence warrants reversal and remand.  This is underscored by the vocational expert's testimony that at the sedentary level of exertion, unskilled jobs uniformly require near visual acuity.  (AR pp. 173-174)  [Plaintiff], limited to sedentary work by Dr. Romine due to the significant damage to his right knee from the gunshot wounds and with visual difficulties in his one remaining eye, would seem to struggle mightily in this environment.

[DN 14-1].

In this case, all "essential factual issues" have not been resolved for two reasons.  First, as discussed above, the ALJ did not give "good reasons" for giving "little weight" to the treating physician's opinion, which would limit Plaintiff to sedentary work.  Upon remand, however, the ALJ's decision may identify "good reasons" for continuing to decline to defer to the treating physician's opinion.

Second, even if Plaintiff is limited to unskilled, sedentary work, his relative lack of visual acuity is not necessarily disabling.  This is for two reasons.  First, all the Appendix 2 rules for an individual of Plaintiff's age (regardless of skill level) direct an ultimate finding of "not disabled."  Second, there is no allegation or evidence that Plaintiff retains insufficient visual acuity to be able to handle and work with rather large objects or that his vocational profile is extremely adverse.  Social Security Ruling (SSR) 85-15 provides, in pertinent part:

> As a general rule, even if a person's visual impairment(s) were to eliminate all jobs that involve very good vision (such as working with small objects or reading small print), as long as he or she **retains sufficient visual acuity to be able to handle and work with rather large objects** (and has the visual fields to avoid ordinary hazards in a workplace), there would be a substantial number of jobs remaining across **all exertional levels**.  However, a finding of disability could be appropriate in the relatively few instances in which the claimant's **vocational profile is extremely adverse**, e.g., closely approaching retirement age, limited education or less, unskilled or no transferable skills, and essentially a lifetime commitment to a field of work in which good vision is essential.

1985 WL 56857, at *8 *(emphasis added)*.  Therefore, the appropriate remedy in this case is a remand for further administrative proceedings.

**Order**

Because the ALJ did not give "good reasons" for giving "little weight" to the treating physician's opinion, this matter is hereby REMANDED to the Commissioner for a new decision and any further proceedings deemed necessary and appropriate by the Commissioner.

February 24, 2021

**Lanny King, Magistrate Judge**
**United States District Court**

6